UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MEADOWCREST LIVING CENTER                CIVIL ACTION
L.L.C.

VERSUS                                   NO: 06-3210

HANOVER INSURANCE COMPANY                SECTION: "R"(5)

### ORDER AND REASONS

Before the Court are plaintiff's motions to strike as untimely defendant's motion in limine and defendant's motion for summary judgment. (R. Docs. 139, 146.)  For the following reasons, the Court GRANTS plaintiff's motion to strike defendant's motion in limine and DENIES plaintiffs' motion to strike defendant's summary judgment motion.

**I.   BACKGROUND**

Plaintiff, Meadowcrest Living Center, L.L.C. sued defendant, Hanover Insurance Company, on June 20, 2006.  Trial was originally scheduled to begin on June 18, 2007.  On April 26, 2007, the court granted Hanover's unopposed motion to continue the trial.  Trial was re-scheduled to begin on February 25, 2008. On January 11, 2008, the case was re-alloted to this Section, with three pending motions.  The Court continued the trial, and noted as follows: "Discovery is closed and the deadlines for

amending pleadings and filing pretrial motions, including motions in limine regarding the admissibility of expert testimony, have passed." (R. Doc. 91 at 2.)  The Court instituted a new Scheduling Order, setting the trial for November 3, 2008, and setting the three pending motions for oral argument. (R. Doc. 95.)  During oral argument the parties requested leave to take a limited number of depositions, which the Court granted.

On July 21, 2008, Hanover filed a motion in limine to strike the testimony and expert report of Bert F. Verdigets.  On July 28, 2008, Hanover filed a motion for summary judgment.  Hanover did not request leave to file either motion, although the Court's Order clearly noted that the deadlines for filing non-evidentiary pre-trial motions, including motions in limine to exclude expert testimony, had passed.  Plaintiff now moves to strike both motions as untimely.

**II.  ANALYSIS**

**A.  Motion in Limine**

Plaintiff moves the Court to strike Hanover's motion in limine to strike Bert Verdigets' expert report and to exclude his expert testimony.  Hanover has been in possession of Verdigets' expert report since March 2, 2007, about seventeen months.  Hanover contends that it did not file the motion in limine earlier because it is relying on newly discovered information

2

from a Rule 30(b)(6) deposition of Meadowcrest that Hanover took on June 24, 2008.  Hanover offers no explanation, however, of why it has been unable to take Meadowcrest's 30(b)(6) deposition in the seventeen months it has been in possession of Verdigets' report.  Moreover, many of the issues Hanover raises in the motion in limine could have been raised before it took the 30(b)(6) deposition.

Hanover contends that the expert report is "defective" and should be precluded because Verdigets (1) fails to subtract the co-insurance deductible from the balance of payments allegedly owed to Meadowcrest and (2) inflates the amounts allegedly owed to Meadowcrest through the addition of statutory penalties and interest.  Defendant also contends that the report is deficient because it fails to include a list of Verdigets' purported expert qualifications, fails to incorporate a listing of Verdigets' publications, fails to include the amount of compensation paid to Verdigets for his opinion, and fails to include a listing of other cases in which Verdigets has testified as an expert.  On June 11, 2007, the Court ruled on the applicability of co-insurance to plaintiff's business income loss.  Hanover could have raised the issue that Verdigets fails to subtract the co-insurance deductible at that time.  Similarly, Hanover could have timely raised its objections to Verdigets' inclusion of statutory penalties and interest, as well as its objections that the report

fails to satisfy the requirements of the Federal Rules of Civil Procedure. There is no justification for waiting to take Meadowcrest's 30(b)(6) deposition to raise these concerns with the report.

To the extent that Hanover contends that some of the information that Verdigets relies upon is inaccurate, defendant can raise those points through cross-examination. Therefore, in order to ensure that defendant is adequately prepared to cross-examine Verdigets, plaintiff is to provide Hanover with a supplemental report that complies with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, including the expert's qualifications, a list of publications he has authored, cases he has testified in, and a statement of his compensation.[1]

**B.   Summary Judgment Motion**

Hanover's motion for summary judgment is also untimely, for

---

[1] Fed. R. Civ. P. 26(a)(2)(B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

the same reasons as stated above.  Nevertheless, trial is not scheduled to begin until the first week of November, 2008. Hanover contends that Meadowcrest's 30(b)(6) designee testified that Meadowcrest's financial documents contained inaccurate information.  Hanover further avers that this misrepresentation contractually precludes plaintiff's claims, and that a ruling on the motion could be dispositive of plaintiff's claims.  It would not be in the best interests of justice or judicial economy to strike Hanover's motion and proceed with an estimated four day jury trial without first considering the legal arguments Hanover presents.  Therefore the Court finds that it is necessary to consider Hanover's summary judgment motion, and further that there is sufficient time to do so before trial.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to strike defendant's motion in limine is GRANTED.  Plaintiff's motion to strike defendant's summary judgment motion is DENIED.

IT IS FURTHER ORDERED that plaintiff shall provide Hanover with a supplemental expert report by September 5, 2008 that includes Verdigets' qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement

of the compensation to be paid for the study and testimony in the case.

New Orleans, Louisiana, this  8th  day of August, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT